

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
06/29/2007

IN RE: §
ETHEL LEE MILTON COX § CASE NO: 07-60073
   Debtor(s) §
§ CHAPTER 13

### MEMORANDUM OPINION AND ORDER
### OVERRULING GREEN TREE OBJECTION TO CONFIRMATION
### (DOC. #19)

Green Tree objects to the confirmation of Debtor's chapter 13 plan because the plan proposes to modify Green Tree's rights by paying Green Tree less than the full amount of its secured claim (*i.e.* the plan proposes to "cram down" Green Tree's claim). Green Tree argues that its claim cannot be crammed down because BAPCPA added to the Bankruptcy Code a definition of "debtor's principal residence" which, according to Green Tree, broadens the anti-cramdown provisions of § 1322(b)(2). For reason stated below, Green Tree's objection is overruled.

### I.   STIPULATED FACTS

Debtor filed her petition commencing this case under chapter 13 of the Bankruptcy Code on April 17, 2007.

Debtor and Green Tree stipulate to the following:

1. Green Tree is the holder of an allowed claim against the Debtor evidenced by a Manufactured Home Retail Installment Contract (the "Contract"). The original amount financed was $43,295.00.
2. Green Tree's claim is secured by a valid and perfected first and priority security interest in Debtor's 1995 Palm Harbor manufactured home bearing S/N PH075061A and PH075061B (the "Collateral").
3. Green Tree filed a proof of claim for $31,794.65, which was the amount of the claim as of April 17, 2006. No payment has been made to Green Tree on the Contract since then.
4. The replacement value of the Collateral, as of the effective date of the Plan, is $27,500.00. The appropriate rate of interest to be paid on Green Tree's claim under the Chapter 13 Plan in 8.75%.
5. The Collateral is the Debtor's Principal Residence as defined in 11 U.S.C. § 101(13A).
6. The Collateral is personal property, not real property, under applicable Texas law.
7. The debtor owns the land on which the Collateral is located.

## II.  GREEN TREE'S OBJECTION

Green Tree alleges that the plan proposes to modify its claim in violation of 11 U.S.C. § 1322(b)(2).  Green Tree cites *In re Shepherd* [1] for the proposition that § 101(13A) (enacted by BAPCPA) renders § 1322(b)(2) (in the Bankruptcy Code since 1979), absurd.  To resolve this alleged absurdity, Green Tree argues that the Court should interpret the newly codified definition of "debtor's principal residence" at § 101(13A) as expanding the anti-modification provision of § 1322(b)(2) to include a mobile home that is personal property.

## III.  CONCLUSIONS OF LAW

Although we both focus on "plain meaning," with due respect this Court disagrees with *Shepherd*.

When interpreting a statute, the court should begin with the plain meaning:  *See*, *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 1129 S.Ct. 1146 (1992).

A. The Statutes

  1. Bankruptcy Code § 101(13A) provides:

     The term "debtor's principal residence"--

     (A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and

     (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.[2]

  2. Bankruptcy Code § 1322(b) provides:

     Subject to subsections (a) and (c) of this section, the plan may--
     …
     (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims…[3]

---

[1] *In re Shepherd*, 354 B.R. 505 (Bankr. E.D. Tenn. 2006).
[2] 11 U.S.C. § 101(13A).
[3] 11 U.S.C. § 1322(b)(2).

The protection that Green Tree seeks only applies to claims that are secured by real property.[4] Green Tree's claim is not secured by real property. Therefore, § 1322(b)(2) does not apply.

While the Court does not know what Congress had in mind when it defined "debtor's principal residence," the limitation of § 1322(b)(2) to real property has been clear and has governed chapter 13 cases for over 27 years. The Court finds it implausible that Congress simply "forgot" to delete the word "real" from § 1322(b)(2), thereby requiring the courts to speculate on the purpose of the new definition.

*Collier's* agrees:

> This result is not changed by the definition of "debtor's principal residence" added to section 101 by the 2005 amendments. Although that definition includes an individual condominium or cooperative unit, as well as a mobile or manufactured home, or a trailer, the fact that such residences are personal property means that a debt secured by them would not be secured solely by real property that is the debtor's principal residence. Only if a mobile home or cooperative is real property under applicable nonbankruptcy law would the limitations on modification apply, even though the mobile home or cooperative is considered the debtor's principal residence.[5]

Perhaps Congress had in mind avoiding any ambiguity if personal property attached to realty and thereby became part of the realty. But speculation is unwarranted. Section 1322(b)(2) is very clear and has been very clearly interpreted for a very long time. It only applies to a claim secured by real property. If Congress had meant to say "the plan may modify the rights of holders of secured claims other than a claim secured only by the debtor's personal residence…," that would have been incredibly easy to do. But Congress did not do that.

---

[4] The phrase "that is the debtor's principal residence" modifies "real property," not the other way around. One turns grammar on its head if one treats redefinition of a limiting dependent phrase as totally eliminating the words to which it is dependent. What the sentence says is that a plan may modify claims that are secured by real property that is the debtor's principal residence. Even though "debtor's principal residence" may include personalty, the reference to "debtor's principal residence" is a <u>limiting</u> clause. Expanding or contracting the limiting clause does not eliminate the words that it limits.

[5] 8 *Collier on Bankruptcy* ¶ 1322.06[1][a] (15th ed. rev.).

## IV. CONCLUSION

The parties agreed that if this objection was overruled, the plan should be confirmed. By separate order, the Court will confirm the plan.

SIGNED 06/29/2007.

*Wesley W. Steen*

WESLEY W STEEN
United States Bankruptcy Judge